**THE LAW OFFICES OF
BENJAMIN G. KELSEN, ESQ. LLC**
1415 Queen Anne Road, Suite 206
Teaneck, NJ 07666
Phone: 201-692-0073
Fax: 201-692-0151
Email: info@kelsenlaw.com

| | |
|---|---|
| **LUCILLE LEVY,**<br><br>                              Plaintiff(s),<br><br>v.<br><br>**SYNCHRONY BANK, INC., ABC COMPANY, INC. (1-10), JOHN DOES (1-10),**<br><br>                              Defendant(s) | **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**CIVIL ACTION:**<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff , **LUCILLE LEVY** (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through their attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, against **SYNCHRONY BANK, INC.**, **ABC COMPANY, INC.**, and **JOHN DOE (1-10)** (hereinafter "Discover" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4. The Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 47 U.S.C. § 153(39).

5. Plaintiff resides in Lakewood, NJ 08701-1463.

6. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Plaintiff is the sole subscriber of the Verizon Wireless cellular phone account bearing the phone number of 732-822-5240, and has been the sole subscriber of that account at all times relevant hereto.

9. Plaintiff is the sole party financially responsible for the payment of the wireless account bearing the phone number of 732-822-5240, and has been the sole party financially responsible for that account at all times relevant hereto.

10. Plaintiff **LUCILLE LEVY** is and has been the regular user of that phone number at all times relevant hereto.

11. Plaintiff is the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on her cellular telephone number 732-822-5240.

12. The Defendant called from numerous phone numbers, including but not limited to 866-450-2324 which number belongs to Defendant.

13. On information and belief, Plaintiff alleges that **SYNCHRONY BANK, LLC**, is, and at all times mentioned herein is incorporated in Utah, with a registered office address of CT Corporation Systems, 170 West Election Road, Suite 125, Draper, UT 84020.

14. Defendant **SYNCHRONY BANK, INC.** is referred to herein as ("Synchrony" or "Defendants").

15. Synchrony at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

16. **ABC CORPORATION, INC.**, is a fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

17. **JOHN DOES 1-10**, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

19. Sometime prior to November 2015, the Plaintiff opened a credit card account with Old Navy, Inc., whose private issue credit cards are serviced by the Defendant, Synchrony.

20. Due to unforeseen circumstances, Plaintiffs fell behind on payments to the Defendant.

21. During that time period, beginning on or about November 2015 the Plaintiff started receiving numerous phone calls from Synchrony on her cell phone.

22. On or around November 14, 2015 and again on November 22, 2015 Plaintiff called the number known to her be related to the Old Navy, Inc. credit card requesting that all communication to her cell phone cease, and revoking any consent she may have given to receive phone calls regarding this account.

23. Defendant continued contacting the Plaintiff via telephone numerous times in an attempt to collect the past due on these accounts

24. When contacting Plaintiff on her cellular telephone, Defendant used an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA, automated messages and a pre-recorded voice.

25. Upon information and belief, the equipment used by Defendant to place calls to Plaintiff had the capacity to store or produce telephone numbers and to dial such numbers without any human intervention.

26. Specifically, when answering Defendant's calls, Plaintiff was regularly greeted with an automated/pre-recorded voice that advised Plaintiff to hold for a representative.

27. After listening to Defendant's automated message, there was a delay in the call, then Plaintiff was routinely transferred to one of Defendant's representatives.

28. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

29. On most of these calls, including a call on November 25, 2015, Defendant would leave a voicemail leaving a very similar generic message.

30. Defendant's use of an automated telephone dialing system was clearly indicated by the placement of over 230 calls to the Plaintiff Since November of 2015, the placement of sometimes five (5) calls to the Plaintiff per day.

31. These phone calls were made up to five (5) times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

32. Defendant's representative had heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

33. Yet, despite being aware that Plaintiff revoked consent in November 2015, Defendant persisted in calling Plaintiff on her cellular telephone.

34. Defendant had ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis, sometimes up to five (5) times daily.

35. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

37. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

38. Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over 230 times.

39. As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of the use of Plaintiff's cellular phone during the times that the Defendant was calling the Plaintiff's phone.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### CAUSES OF ACTION
### COUNT 1
### VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT

**47  U.S.C. § 227 *ET SEQ.***

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47  U.S.C. § 227 *ET SEQ.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)( c).

48. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for prays for judgment as follows:

A.  All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);
B.  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);
C.  Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);
D.  Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and
E.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: June 9, 2016                                     /s/ Benjamin G. Kelsen, Esq.
                                                        **THE LAW OFFICES OF**
                                                        **BENJAMIN G. KELSEN, ESQ. LLC**
                                                        *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Benjamin G. Kelsen, Esq., the undersigned attorney of record for Plaintiffs, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 9, 2016                                     /s/ Benjamin G. Kelsen, Esq.
                                                        **THE LAW OFFICES OF**
                                                        **BENJAMIN G. KELSEN, ESQ. LLC**
                                                        *Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third

party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: June 9, 2016                         /s/ Benjamin G. Kelsen, Esq.
                                            **THE LAW OFFICES OF**
                                            **BENJAMIN G. KELSEN, ESQ. LLC**
                                            *Attorneys for Plaintiff*